IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Korell Battle, | C/A. No. 2:23-6182-CMC-MGB |
| Plaintiff | |
| v. | |
| SCDC; Charles Burton; Edward Herschaft; and Mid America Health, | Order |
| Defendants. | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while in the custody of the South Carolina Department of Corrections. ECF No. 1-1. Defendants removed the state court Complaint to this court. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

On February 20, 2024, Defendants filed a motion to dismiss for failure to state a claim and failure to exhaust administrative remedies. ECF No. 19. A *Roseboro* Order was mailed to Plaintiff the same day, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 20. Plaintiff filed a response in opposition (ECF No. 28) and a motion for leave to file supplemental complaint (ECF No. 29). The Magistrate Judge granted the motion to file a supplemental complaint and dismissed the motion to dismiss as moot. ECF No. 31. Plaintiff then filed an Amended Complaint. ECF No. 32.

Defendants filed a renewed motion to dismiss the Amended Complaint. ECF No. 34. A Roseboro Order was again mailed to Plaintiff. ECF No. 36. Plaintiff filed a response in opposition. ECF No. 38.

On May 24, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Defendants' motion to dismiss be granted in part and denied in part. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Defendants filed objections on June 7, 2024. ECF No. 46.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Magistrate Judge recommends granting Defendants' motion to dismiss as to the claims under the South Carolina constitution and the state tort claim. ECF No. 44 at 8-9. However, the Report also recommended denying the motion to dismiss as to the § 1983 claim for deliberate indifference to medical needs and found Plaintiff had sufficiently exhausted his administrative remedies at this stage of the case, based on the face of the Amended Complaint. *Id.* at 12. The Report noted the issue of exhaustion is better resolved at summary judgment. *Id.*

Defendants object to the denial of their motion to dismiss as to the § 1983 claim for deliberate indifference and assert failure to exhaust is plain from the face of the Amended Complaint. ECF No. 46. Specifically, they assert Plaintiff initially did not have a serious medical condition when he saw Defendant Herschaft, but only cavities. *Id.* at 3. Once Herschaft diagnosed an infection, Defendants assert he monitored and treated it, despite expressing frustration regarding lack of a dental assistant or working equipment. As for exhaustion, Defendants contend Plaintiff never challenged Defendant Herschaft's treatment in a grievance, and thus the claim against him should be denied for failure to exhaust. *Id.* at 4-5.

The court has reviewed the portions of the Report to which there were objections *de novo*, and concludes the § 1983 claim for deliberate indifference to medical needs should advance at this point in the litigation. Taking the allegations in the Amended Complaint as true and viewing them in the light most favorable to the non-moving party, as the court must do on a motion to dismiss, Plaintiff sufficiently alleged a deliberate indifference claim under § 1983. Specifically, Plaintiff alleged Defendant Herschaft was deliberately indifferent to the infection in his tooth when he failed to prescribe antibiotics for five months, causing pain and eventually extraction of the tooth. At this point in the litigation, the court declines to dismiss the deliberate indifference claim. In addition, the court agrees with the Magistrate Judge that Plaintiff has sufficiently alleged exhaustion of remedies to survive a motion to dismiss.

There were no objections to the recommended dismissal of the South Carolina constitutional claim and the State Tort Claim for negligence, construed by the Magistrate Judge as one for medical malpractice. Therefore, the court has reviewed those recommendations for clear error and, finding none, agrees with their dismissal.

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Defendants' objections, the court agrees with the recommendations of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference as supplemented in this Order. Defendants' motion to dismiss (ECF No. 34) is granted in part as to the South Carolina state constitutional claim and the State Tort claim, and denied as to the § 1983 deliberate indifference claim and exhaustion. This matter is re-referred to the Magistrate Judge for pre-trial proceedings.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 28, 2024